# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JATINDER SINGH,<br><br>           Petitioner,<br><br>      v.<br><br>SERGIO ALBARRAN, et al.,<br><br>           Respondents. | No. 1:25-cv-02006-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT, DENYING RESPONDENTS' MOTION TO DISMISS, ORDERING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 13, 14, 15, 21) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 17, 2026, the magistrate judge issued findings and recommendations that the first amended petition for writ of habeas corpus be granted on Count II, Petitioner's motion for preliminary injunction be denied as moot, Respondents' motion to dismiss be denied, and Respondents be directed to immediately release Petitioner. (Doc. 21.) On March 3, 2026, Respondents filed objections to the findings and recommendations, and Petitioner filed a reply to the objections. (Docs. 22, 23.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on February 17, 2026 (Doc. 21) are **ADOPTED IN FULL**.
2. The first amended petition for writ of habeas corpus (Doc. 14) is **GRANTED** on Count II.
3. Petitioner's motion for preliminary injunction (Doc. 15) is **DENIED** as moot.
4. Respondents' motion to dismiss (Doc. 13) is **DENIED**.
5. Respondents are ordered to **IMMEDIATELY RELEASE** Petitioner on the conditions of his prior release from custody until DHS proves to a neutral adjudicator by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight or to effectuate a final and executable order of removal.
6. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner absent compliance with constitutional protections, which include seven day's advance notice and a predeprivation hearing[1] at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested.
7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **March 5, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest.